**Phillip GERACITANO, Plaintiff,**

v.

**John J. CALLAHAN, Ph.D., Acting Commissioner of the Social Security Administration [1], Defendant.**

No. 95–CV–835E(H).

United States District Court, W.D. New York.

Oct. 1, 1997.

---

1. Callahan is substituted as a party defendant for his predecessor in office, Shirley S. Chater. See Fed.R.Civ.P. 25(d).

Kenneth R. Hiller, Buffalo, NY, for Plaintiff.

Jane B. Wolfe, U.S. Atty., Buffalo, NY, for Defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgement, in accordance with 28 U.S.C. § 636(c). Plaintiff Phillip Geracitano (Geracitano), disputes the denial of Social Security disability benefits by the Commissioner of Social Security (the Commissioner). Plaintiff initiated this action seeking reversal or remand of the Commissioner's decision. Both parties moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the following reasons, the Commissioner's motion is denied. The matter is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff Phillip Geracitano was born on February 16, 1951 and is currently forty-five years old. (T. 133). He is a high school graduate who obtained an accounting degree from Kelly Business Institute. He worked as a clerk and an office manager at a chemical plant, a sales representative and as a security guard. (T. 164). Geracitano stopped working as of September 9, 1992. (T. 160).

Plaintiff applied for disability benefits on February 24, 1993 due to a right knee injury ("traumatic arthritis in knee"). (T. 133–136, 160). He underwent right knee surgery in December 1992, and continued to have complaints of pain in both knees. (T. 187–189, 224 225). The Social Security Administration (SSA) denied plaintiff's application initially and upon remand. After a hearing, Administrative Law Judge (ALJ) Eric L. Glazer issued a decision on January 24, 1994 in which he found that plaintiff was entitled to a period of disability from September 9, 1992 through September 30, 1993, but not thereafter. (T. 42). The ALJ found that plaintiff's impairments improved so that after September 30, he could perform a full range of sedentary work and was therefore no longer disabled. (T. 41).

Geracitano appealed this decision, and SSA's Appeals Council remanded for additional proceedings. (T. 215–216). The Appeals Council ordered the ALJ to

- Contact any treating sources since February 1993 or obtain an orthopedic consultative examination with a medical source statement. The Administrative Law Judge will then further evaluate the issues of disability and duration.

- Evaluate, if necessary, the issue of disability cessation in accordance with the regulatory requirements.

- Evaluate subjective complaints in accordance with the regulatory requirements.

- Obtain, if necessary, vocational expert evidence as to the exertional requirements of the claimant's past relevant

work as generally performed in the national economy.

(T. 216).

As a result, the ALJ held a new hearing and issued a new decision on April 28, 1995. (T. 21–27). The ALJ found that plaintiff was never disabled under the Act. (T. 27). The ALJ found that Geracitano was capable of performing his past relevant work as an accounting clerk and office manager and therefore was not disabled. This second decision only mentioned the ALJ's prior decision in an introductory paragraph, and made no attempt to explain the inconsistency between the two decisions.

Plaintiff again appealed to SSA's Appeals Council. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. On December 9, 1996, plaintiff filed this action seeking reversal or remand of the Commissioner's decision. (Item # 1).

The Commissioner contends that the decision finding plaintiff not disabled is supported by substantial evidence and should be affirmed. Plaintiff argues that the "treating physician" rule mandates a finding of disability, that the ALJ failed to evaluate properly the effect of plaintiff's pain on his ability to work, and that the Court should remand the case to consider new evidence.

### DISCUSSION

#### I. Judicial Review

 The Social Security Act states that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion...." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, (1938), quoted in *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991). Under this standard, judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case de novo or substitute its findings for those of the Commissioner. *Richardson, supra*, 402 U.S. at 401, 91 S.Ct. at 1427. The court's sole inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982). The Commissioner's determination cannot be upheld, however, when it is based on an erroneous view of the law that improperly disregards highly probative evidence. *Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir.1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979).

 In determining disability, the Commissioner instructs adjudicators to follow a five-step sequence as stated at 20 C.F.R. § 404.1520:

1. An individual who is working and engaging in substantial gainful activity will not be found to be disabled regardless of medical findings;

2. An individual who does not have a "severe" impairment will not be found to be disabled;

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P of Regulations No. 4 (the "Listings"), a finding of disabled will be made without consideration of vocational factors;

4. If an individual is capable of performing work he or she has done in the past, a finding of not disabled must be made;

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*Id.*

In general, there is a two-part test at step four of the evaluation process. First, the Commissioner must consider whether the applicant can return to the specific job he or she previously performed. After that, the Commissioner must decide whether the individual can perform the "functional demands and job duties of the occupation as generally

required by employers throughout the national economy." *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir.1990), *quoting*, Social Security Ruling 82–61, 1982 WL 31387. *See, also, Jock v. Harris*, 651 F.2d 133, 135 (2d Cir.1981).

In this case, the ALJ found that plaintiff could still perform work as an accounting clerk and as an office manager and was therefore not disabled. The ALJ used a vocational expert (VE) to reach this conclusion. The VE stated that these two jobs were available to a person with Geracitano's restrictions.

The ALJ's decision stated that plaintiff had "the residual functional capacity to perform work related activities except for work involving lifting and carrying over ten pounds and standing and walking for more than four hours in an eight hour workday (20 C.F.R. [§] 404.1545)." (T. 27). These restrictions were essentially those reported by Dr. Akman, a physician who performed a consultative examination on behalf of the Social Security Administration and who saw Geracitano one time in September 1994. (T. 25, 228–229).

The ALJ noted that Dr. T.E. Comerford was plaintiff's treating family practitioner who had submitted a short statement that plaintiff could not work. (T. 239). However, the ALJ disregarded this opinion because it was not accompanied by any "persuasive medical evidence", and the document contained an obvious error—"Dr. Comerford stated that the claimant suffers from chronic duodenitis. The claimant acknowledged at the hearing that his duodenitis had been resolved with medication." (T. 25). Dr. Comerford's complete submission consists of three sentences on a sheet of prescription pad paper. It states in full:

> The above named has disabilities of Acute Duodenitis esp in the knees, [sic], He has generalized Osteo Arthritis and a history of Hypertension as well as Acute Prostatism. He is totally disabled and can do no work.

(T. 239).

This statement appears above Dr. Comerford's signature, but the signature is followed in the same hand by a parenthetical clause that appears to contain three initials. Such signatures often indicate that one other than the named signer actually put pen to paper. Under these circumstances, the court is not convinced that Dr. Comerford actually signed this note.

## II. *The Treating Physician Rule*

■ Plaintiff urged the court to reverse the Commissioner's decision because of the treating physician's opinion that plaintiff was disabled. It has long been recognized that a treatment source's opinion of disability is entitled to some weight in claims for Social Security disability benefits. The Second Circuit Court of Appeals established its treating physician rule in a long series of cases, including the cases cited in plaintiff's memoranda of law, *Bluvband v. Heckler*, 730 F.2d 886 (2d Cir.1984) and *Schisler v. Bowen*, 851 F.2d 43 (2d Cir.1988). The Secretary promulgated new regulations in response to these cases, and the Court upheld the validity of those regulations in *Schisler v. Sullivan*, 3 F.3d 563, 568–569 (2d Cir.1993). Recently, the rule has been described in the following manner:

> Evaluation of physicians' testimony is governed by the "treating physician rule." As specified in 20 C.F.R. §§ 404.1527(d), 416.927(d), the rule provides that the treating physician's opinion as to the claimant's disability is controlling if it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record. Even if the treating physician's opinion is retrospective, it will be binding unless contradicted by other medical evidence or by "overwhelmingly compelling" non-medical evidence.

*Saviano v. Chater*, 956 F.Supp. 1061, 1069 (E.D.N.Y.1997) (citations omitted).

A corollary to the Second Circuit Court of Appeals' earlier treating physician rule was that the decision maker had a duty to seek clarification from a treating physician in the event the physician's report was somehow incomplete. *Schisler v. Bowen*, 851 F.2d 43, 46–47. Courts have continued to stress this duty even when a claimant is represented by counsel. *Schaal v. Commissioner of Social Security*, 969 F.Supp. 822, 828–829 (N.D.N.Y.

1996). *Gossett v. Chater,* 947 F.Supp. 1272, 1279–1280 (S.D.Ind.1996).

Social Security Regulations place an affirmative duty on decision makers to seek clarification or elaboration from medical sources: 20 C.F.R. § 404.1512(e)(1) provides:

> We will seek additional evidence or clarification from your medical source when the report from your medical source . . . does not contain all the necessary information. . . . We may do this by requesting ‚ copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.

Here, the Appeals Council remanded Geracitano's case to the ALJ with several specific instructions, including development of the record since February 1993. (T. 216). The Appeals Council ordered the ALJ to seek information from a treating source or obtain an orthopedic consultative examination. In response, the Social Security Administration apparently scheduled the examination with Dr. Akman, a general surgeon and general practitioner. (T. 230). At the hearing, plaintiff testified that Dr. Comerford had been his treating physician for eighteen months, and submitted Dr. Comerford's short statement of disability. (T. 96, 239).

In his memorandum of law, plaintiff pointed to Dr. Comerford's short statement and argued that based upon the treating physician rule this opinion that Geracitano remains disabled is entitled to greater weight than Dr. Akman's findings that plaintiff could still perform substantially a full range of sedentary work. In fact, plaintiff argued that since the doctors had the same evidence before them, Comerford's opinion should be conclusive.

This assertion ignores the major flaws in Dr. Comerford's three sentence submission. As demonstrated above, it is not clear that Dr. Comerford himself signed the note, or if it was signed in his behalf. In addition, the three-sentence note contains serious misstatements, including that plaintiff suffered from acute duodenitis "esp in the knee." (T. 239).

On the other hand, the ALJ had a responsibility to seek clarifying information from Dr. Comerford, who the plaintiff identified as a longstanding treating physician. In addition, the Appeals Council also required the ALJ to further develop the record. (T. 216). After the remand, the record does not indicate that SSA contacted plaintiff's treating physician, nor did SSA seek an orthopedic examination, as the remand order required.

Under these circumstances, the ALJ's decision is not supported by substantial evidence. The ALJ failed to investigate the incomplete medical evidence provided by Dr. Comerford. Together with this failure, the ALJ's reliance upon a general surgeon's orthopedic examination shows that the ALJ did not follow the Appeals Council's directions in handling this matter. Geracitano's case should be remanded for further proceedings to permit the gathering of the relevant information prior to issuance of a new decision.

### III. *Credibility Determinations*

Plaintiff also argued that the Commissioner's final decision is not supported by substantial evidence in that the ALJ did not properly evaluate plaintiff's allegations of pain. The Order of the Appeals Council which remanded this matter back to the ALJ made specific findings as to the errors contained in the first decision. (T. 215–16). For instance, the Appeals Council rejected the ALJ's finding that plaintiff was disabled between September 9, 1992 and September 30, 1993. (T. 215). As a result of this and other errors, the Appeals Council ordered a new hearing which was to include evaluation of plaintiff's subjective complaints "in accordance with the regulatory requirements." (T. 216).

The ALJ did not follow this part of the order. The second decision stated that the ALJ evaluated plaintiff's complaints of pain pursuant to Social Security Rule 88–13, but not pursuant to 20 C.F.R. § 404.1529.[2] (T. 24). The regulatory section, entitled "How we evaluate symptoms, including pain," stated in part:

**2.** A Search in Westlaw shows that this internal policy ruling, SSR 88–13, was superceded in

1995 by SSR 95–5(p), which itself was superceded in 1996 by SSR 96–7(p).

Factors relevant to your symptoms, such as pain, which we will consider include:

 (i) Your daily activities;

 (ii) The location, duration, frequency, and intensity of your pain or other symptoms;

 (iii) Precipitating and aggravating factors;

 (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

 (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

 (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

 (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529.

The ALJ's second decision demonstrates that he never undertook this type of in-depth analysis with regard to plaintiff's symptoms. (T. 24). Despite the regulatory scheme and the Appeals Council's direction, he merely dismissed the allegations of pain by finding that plaintiff was not credible. (*Id.*). As noted above, this case must be remanded for evaluation of the treating physician's reports. Upon remand, an evaluation of plaintiff's symptoms can and should be fully addressed.

### IV. *New and Material Evidence*

■ In plaintiff's Memorandum of Law in Support of the Motion for Judgement on the Pleadings, he sought to remand this matter to the Commissioner for consideration of a doctor's report as new and material evidence of plaintiff's disability. (Item # 8). Attached to the motion papers is a letter dated August 25, 1993 from Dr. Altieri, the orthopedic surgeon who performed arthroscopic surgery on plaintiff's right knee in December 1992. This letter, addressed to the Department of Social Services, concludes with the statement that "[b]ased on the patient's complaints and the level of arthritis noted in the right knee at surgery, I do not feel that he can be gainfully employed because of the

severe nature of his arthritis." Plaintiff also submitted an affidavit in which he noted that he was unaware of the existence of this letter until late October 1996, when his caseworker at Niagra County Department of Social Services provided him with a copy of the letter in connection with a meeting regarding Medicaid benefits. (Item # 9).

Defendant's reply memorandum contended that this document was not new and material, and that there was no good cause for the failure to submit it earlier in the administrative process. Therefore, defendant opposed any remand for consideration of the Dr. Altieri's letter.

■ The Social Security Act permits remand for review of new and material evidence pursuant to the sixth sentence of § 205(g), 42 U.S.C. § 405(g), which provides in pertinent part that "[t]he court ... may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." *Id. See, Lisa v. Secretary of Health and Human Services,* 940 F.2d 40, 42 (2d Cir.1991). In order to justify remand under this provision, the plaintiff must show (1) that the proffered evidence is "new" and not merely cumulative of what is already in the record, (2) that the evidence is material, i.e., both relevant to the claimant's condition during the time period for which benefits were denied and probative, and (3) good cause for failing to present the evidence earlier. *Id.* at 43 (*citing Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir.1984); *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir.1975)).

Dr. Altieri's letter is "new" in that it is not merely cumulative of the prior evidence in the record. It is obviously material, as it contains a treating physician's report which was prepared prior to the second hearing and which contains an opinion that plaintiff is disabled. As such, the letter might have changed the ALJ's decision, had the evidence been before him.

Finally, good cause exists for the failure to present this evidence earlier, since this is a letter of which plaintiff was unaware, was not addressed to plaintiff, and was apparently prepared in relation to Medicaid benefits and not in relation to the Social Security claim. Even if plaintiff or his attorney had contacted the Department of Social Services for medical records, it is possible that no one would look for such data in a Medicaid file. Because I find that this letter is new and material, and good cause exists for the failure to present it earlier, the matter is remanded pursuant to sentence six of § 205(g) of the Social Security Act, to permit the Commissioner to evaluate it. *See, St. Cyr v. Chater*, 1995 WL 870967 (W.D.N.Y. 1995).

### CONCLUSION

For the foregoing reasons, the government's motion for judgment on the pleadings (Item # 6) is denied, and plaintiff's motion (Item # 8) is granted. The matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for based upon the ALJ's failure to fully assess the treating physician's opinion, and to evaluate plaintiff's pain symptoms according to the Commissioner's regulations. Further, the matter is remanded pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of the new and material evidence that plaintiff has brought to the Commissioner's attention.

SO ORDERED.