**Charles E. KRAEMER,**
**Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, M.D.,[1] Secretary,**
**Health and Human Services,**
**Defendant–Appellee.**

**No. 89–3116**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 25, 1989.

---

1. Pursuant to Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. § 405(g), the court has substituted, as defendant, Louis Sullivan, M.D., who succeeded Otis R. Bowen, M.D., as Secretary on March 1, 1989.

Robert H. Urann, Gardner, Robein & Urann, Metairie, La., for plaintiff-appellant.

Marguerite Lokey, John M. Gough, Dallas, Tex., for defendant-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Plaintiff Charles E. Kraemer challenges the denial of social security disability benefits by the Secretary of Health and Human Services. Because we find that the determination that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, we affirm.

## I.

Kraemer is a fifty-nine-year-old former insulator. He has a general equivalency diploma (GED) and has taken some college courses. After working for twenty-five years, Kraemer discontinued his employment because of health problems related to long-term exposure to asbestos fibers.

On April 1, 1986, Kraemer applied for social security disability insurance benefits, alleging disability resulting from asbestosis. After his application was denied, a hearing before an administrative law judge ("ALJ") was held on May 18, 1987. At the hearing, Kraemer testified that he was hospitalized after having a stroke and a massive hemorrhage.[2] He claimed that he was experiencing dizzy spells once a day and that he was tired and often short of breath. He was hospitalized in 1985 and again in 1987 as a result of severe back pains. He reported ongoing stiffness in his back that required him to stand periodically to relieve the stiffness.

In January and April 1986, Kraemer was examined by his physician, Dr. Velazquez, who concluded that he was having no symptoms and that his condition was stable. However, after a subsequent physical-capacities evaluation in July 1986, Dr. Velazquez concluded that Kraemer could not sit, stand, or walk for more than one hour at a time, or for no more than four hours in an eight-hour period. He also determined that Kraemer could not lift or carry weight over twenty-five pounds and could not bend, squat, crawl, climb, or reach. He further suggested that Kraemer be restricted from exposure to dust, fumes, or gases.

Despite Kraemer's own testimony to the contrary and Dr. Velazquez's recommendations, a vocational expert present at the hearing testified that Kraemer had the capacity to perform medium-level work. The expert testified that Kraemer would be able to work as a janitor, maintenance man, delivery man, awning installer, or a signaler. If Kraemer were restricted to performing only light work, the vocational expert determined that Kraemer could still work as an optical lens assembler.

In April 1986, Kraemer was examined by Dr. Brooks Emory, who determined that his pulmonary function studies showed only mild impairment. Dr. Sheldon Hersh also examined Kraemer in May 1986, reporting that his blood pressure was under control, his neurological examination was normal, and he had no chest pain or dyspenic. The doctor further determined that a pulmonary examination revealed no serious problems.

In his decision of September 11, 1987, the ALJ concluded that Kraemer was not disabled. On November 27, 1987, the appeals council denied Kraemer's request for review of the ALJ's decision, and Kraemer sought review in district court. A magistrate recommended that the Secretary's motion for summary judgment be granted.

---

2. The medical evidence in the record shows that Kraemer was hospitalized in October 1984 for a massive nosebleed. He was never clearly diagnosed as having had a stroke.

The district court accepted this recommendation and granted judgment in favor of the Secretary. This appeal followed.

## II.

■ The Secretary's determination must be affirmed if it is supported by substantial evidence and based upon a correct view of the law. *Brown v. Bowen*, 864 F.2d 336, 338 (5th Cir.1988); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir.1988). "Substantial evidence means more than a scintilla, less than a preponderance, and is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)).

■ The claimant has the initial burden of proving that his disability has prevented him from engaging in any substantial activity. *Abshire*, 848 F.2d at 640. The burden then shifts to the Secretary to show that the claimant is not disabled and is capable of employment. *Id.* In determining whether a claimant is disabled, the ALJ must apply a five-step sequential evaluation procedure:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
2. An individual who does not have a "severe impairment" will not be found to be disabled.
3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
4. If an individual is capable of performing work he has done in the past, a finding of "not disabled" must be made.
5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether other work can be performed.

20 C.F.R. § 404.1520 (1988). In making the disability determination in this case, the Secretary concluded that plaintiff was able to perform work of medium exertion and that there was a wide range of jobs he could perform. Where, as here, the Secretary indicates that the claimant may engage in alternative employment, the ultimate burden of persuasion shifts back to the claimant. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir.1987).

■ We conclude that the Secretary's determination is supported by substantial evidence. The Secretary correctly followed the sequential evaluation process and considered Kraemer's age, education, and previous work experience in making the ultimate disability determination. In order to prevail, Kraemer had to demonstrate that he cannot perform other medium or light work as indicated by the vocational expert. He has failed to make this showing.

Kraemer claims on appeal that he is disabled because of obstructive pulmonary disease, hypertension, and low back pain. However, these maladies are not inherently disabling under the Act; nor do they preclude Kraemer from engaging in substantially gainful activity. He has not required any substantial medical treatment occasioned by pulmonary disease, and other physicians have described his condition as mild or insignificant. Although Dr. Velazquez determined that Kraemer is limited in his ability to sit, stand, or walk, no pulmonary-function examination was performed on him by Dr. Velazquez. In weighing the objective medical evidence, the Secretary concluded that there was no indication that Kraemer's abilities were impaired, and further concluded that most of Dr. Velazquez's testimony to the contrary therefore was without foundation.

Although Kraemer alleges disability caused by hypertension and back pain, the medical evidence does not indicate any significant restriction of normal functions. Rather, the evidence shows that despite his high blood pressure, he is still able to engage in substantial activity. He is currently able to engage in a variety of activities

such as grocery shopping, cooking, cleaning, and mowing his lawn. Moreover, despite his hospitalization for back pain, his examination revealed no serious problems, and he required only minor treatment. Finally, his periodic episodes of back pain have been short-lived and do not meet the duration requirements under the Social Security Act.

## III.

After carefully considering all the evidence in the record as a whole, the Secretary made the determination that Kraemer had not established a disability under the Social Security Act. Because the Secretary's finding that Kraemer is not disabled and can perform other work is supported by substantial evidence, we AFFIRM.