**John Henry HOUSTON,
Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.**

No. 89–3204
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1989.

Aubrey E. Pate, Slidell, La., for plaintiff-appellant.

Marguerite Lokey, Asst. Reg. Counsel, Office of Gen. Counsel, U.S. Dept. of H.H.S., Dallas, TX. Rodney A. Johnson, U.S. Dept. of H.H.S., Dallas, Tex., John P. Volz, U.S. Atty., New Orleans, La., for defendant-appellee.

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Claiming disability because of a lung disease (silicotuberculosis), John Henry Houston sought social security benefits, which were denied by an administrative law judge (ALJ). On review of the ALJ's decision, the Appeals Council then remanded the case to the ALJ, who again denied benefits. The Appeals Council then confirmed the ALJ's decision. On review, the district court accepted the determination of the Appeals Council and granted summary judg-

ment in favor of the Secretary. Finding that the Appeals Council's initial remand was proper and that the ALJ's second decision was supported by substantial evidence, we affirm.

### Background.

The record reflects that at the time of the initial hearing in February 1986, Houston was 50 years old, was between 66¼ and 68½ inches tall, and weighed between 130 and 140 pounds. Houston has a third-grade education and can sign his name but is otherwise illiterate. Prior to the onset of his disease, he worked as a sandblaster. Examining doctors agreed that Houston should not continue this occupation, as exposure to the fumes would be hazardous to him.

Houston has few, if any, transferable work skills. He testified that he frequently could not lift more than 25 pounds. However, none of the doctors who conducted spirometry and other tests on Houston found results that would classify Houston as disabled under the standards of 20 C.F.R. § 404, Subpt. P, App. 1, §§ 3.00–3.-02. Moreover, none of the doctors found that Houston's lifting and carrying capacity would be significantly reduced. The last examining physician, Dr. Klein, explicitly found that Houston's lifting and carrying capacity should not be impaired by his ailment.

Houston was denied disability benefits initially and again on reconsideration. He then requested a hearing before an ALJ. At Houston's first hearing, the ALJ, based upon the testimony of a vocational expert, found that a significant number of jobs classified as light work (requiring lifting up to 20 pounds, see § 404.1567) existed in the economy and that Houston retained the residual capacity to do light work. Thus, the ALJ concluded that Houston was not disabled. Houston then asked for review by the Appeals Council. In its review of the ALJ decision the Appeals Council noted that under § 404, Subpt. P, App. 2, Table 2, Rule 202.09, a petitioner who was 50 years old, illiterate, without transferable skills, and only able to do light work would be

classified as disabled. Given the possibly incorrect decision by the ALJ, the Appeals Council remanded to the ALJ for further factfindings about the extent of Houston's disability and the transferability of any of his skills. On remand, the ALJ found Houston capable of medium work (requiring lifting up to 50 pounds) and thus not disabled under § 404, Subpt. P, App. 2. The Appeals Council affirmed, and the district court subsequently upheld the Secretary's decision.

### I.

First, we must decide whether the Appeals Council properly remanded or whether instead it was bound to accept the ALJ's initial determination that Houston was capable of light rather than medium work and that therefore the Appeals Council should have rendered a decision for Houston.

In *Deters v. Secretary of Health, Educ. & Welfare*, 789 F.2d 1181, 1184 (5th Cir.1986), we considered the proper posture of the Appeals Council in reviewing an ALJ's decision and factfindings:

In *Scott v. Heckler*, [768 F.2d 172 (7th Cir.1985),] the Seventh Circuit ... held that '[w]hen the Secretary fails to exercise properly her authority to review [under § 404.970(a)] ..., then it is the ALJ's decision and not the Appeals Council's, which constitutes the Secretary's final decision for purposes of our review.' The Fourth, Sixth, and Eleventh Circuits have rendered decisions in accord with *Scott v. Heckler*.

While this circuit has not yet had an occasion to consider the Appeals Council's authority to review an ALJ's decision under §§ 404.969 and 404.970(a), Mrs. Deters urges us to adopt the same restrictive interpretation. *The First, Eighth, and Ninth Circuits, however, have held that the regulation does not impose upon the Appeals Council judicially enforceable deference to those ALJ's factfindings that have not been appealed and are supported by substantial evidence.* We think the latter interpretation of the regulation is the

more tenable. [Footnotes omitted, emphasis added.]

Although *Deters* specifically addressed Appeals Council-initiated review under section 404.969, its rule that the Appeals Council need not defer to those ALJ factfindings not on appeal should apply equally to claimant-initiated review, since the Appeals Council's discretion in its review of claimant-initiated proceedings should be no *more* restricted than under Appeals Council-initiated review where the Appeals Council unilaterally (and presumably often against the wishes of the claimant) redetermines various findings of the ALJ.[1]

■ The courts in *Powell v. Heckler,* 789 F.2d 176 (3d Cir.1986),[2] and *Kennedy v. Bowen,* 814 F.2d 1523 (11th Cir.1987), held that the Appeals Council must give specific notice to the claimant within 60 days where it intends to review issues not appealed by the claimant. However, the instant case is distinguishable because Houston, unlike the claimants in the above cases, made no attempt to limit the issues on appeal in his request for review. In fact, claimant's request for review by the Appeals Council nowhere attempts to restrict the review to the claim currently made by Houston that the ALJ's decision was legally inconsistent with its factual findings.[3]

■ Therefore, the rationale of the Third Circuit cases is inapplicable here, and the Appeals Council both (i) need not have deferred to the ALJ's factfindings and (ii) had the discretion to review any issue. Then, because section 404.977 expressly gives the Appeals Council the power to remand cases to the ALJ, the remand was

entirely within the Appeals Council's discretion.

Once the case was remanded to the ALJ to gather more information about the extent of Houston's disability, the ALJ was free to reevaluate the facts. As the Tenth Circuit explained in *Campbell v. Bowen,* 822 F.2d 1518, 1522 (10th Cir.1987),

The regulations provide that '[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.' 20 C.F.R. § 404.977(b) (1986). The Appeals Council directed the ALJ to obtain testimony from a vocational expert as to the transferability of Campbell's skills to a range of work 'within the claimant's residual functional capacity.' The ALJ's redetermination of the residual functional capacity was not inconsistent with this order. Nor did the order bind the ALJ to his earlier decision. To hold otherwise would discourage administrative law judges from reviewing the record on remand, checking initial findings of fact, and making corrections, if appropriate. We decline to constrain the ALJ in a manner not mandated by the regulations.

Indeed, it seems that in this case it would be unreasonable not to allow a reassessment of Houston's work capacity. The ALJ's initial opinion reasoned that (i) there are many light work jobs in the economy, (ii) Houston is capable of light work, and (iii) therefore Houston is not disabled. The ALJ never explicitly rejected any assertion that Houston could do medium work.

---

1. The only possibly relevant distinction between *Deters* and the instant case upon which a decision not to extend the *Deters* standard to appellant-initiated review could be based is that, under §§ 404.969 and 404.970(a), the appellant must be given notice of the Appeals Council review within 60 days of the ALJ's decision. In the case at bar, the Appeals Council review was not within 60 days of the ALJ's decision, but the *Deters* standard for Appeals Council review should still apply, because in the instant case review was initiated *by the appellant,* so that the notice requirements of §§ 404.969 and 404.-970(a) are satisfied.

2. *See also Littlefield v. Heckler,* 824 F.2d 242 (3d Cir.1987), and *Chrupcala v. Heckler,* 829 F.2d 1269 (3d Cir.1987).

3. It might be argued that a claimant's blanket request for review is implicitly a request for review of only those issues on which he did not prevail. We need not address this point, though, because Houston, unlike the claimants in the Third and Eleventh Circuit cases, had no legal issues decided in his favor, but only a factfinding. With there being any number of factfindings that might be favorable to Houston, depending upon how the law is applied, the Appeals Council cannot be expected to restrict its review to only certain factfindings.

Since the ALJ may have misread Table 1 of section 404, Subpt. P, App. 2 and assumed that a finding of a capacity to do light work was sufficient to reach her conclusion of "not disabled," any implication or inference that Houston was incapable of *medium* work, found in the ALJ's statement that Houston could do *light* work, is speculative. Therefore, the Appeals Council properly allowed a full review, as there was a significant possibility that the ALJ never actually made a factfinding one way or the other as to Houston's capability to do medium work since the ALJ believed at the time that such a determination was unnecessary.

## II.

██ Having established that the ALJ had the authority on remand to review the case *de novo*, we now examine whether the ALJ's finding that Houston had the ability to do medium work was supported by substantial evidence. As we explained in *Crouchet v. Sullivan*, 885 F.2d 202, 204 (5th Cir.1989) (per curiam),

> Our review of the Secretary's decision to deny disability benefits is limited to whether there was substantial evidence to support the decision and whether there were any prejudicial legal errors. 42 U.S.C. § 405(g); *Brown v. Bowen*, 864 F.2d 336, 338 (5th Cir.1988). We do not sit to reweigh or substitute our judgment for the Secretary's, but must 'scrutinize the record in its entirety to determine whether substantial evidence does indeed support the Secretary's findings.' *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir.1983). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 390 [, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842] ... (1971).

The only evidence suggesting Houston's inability to do medium work is his own testimony and perhaps that of the vocational expert. However, even if the vocational expert's testimony does suggest Houston can do only light work, the court need not have considered her testimony in this issue, because the vocational expert is not a medical expert qualified to testify as to Houston's medical impairments. *See* § 404.1513.

Furthermore, appellant's subjective complaints must be corroborated at least in part by objective medical testimony. *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988). None of the many examining doctors found Houston's lung damage of sufficient severity to classify him as disabled, and Dr. Klein's report specifically states that Houston should have *no* impairment in lifting or carrying objects, the basis for a medium work classification. Therefore, there is sufficient evidence to support a finding of a residual functional capacity to do medium work.

The vocational expert's testimony was largely uncontroverted and was easily sufficient to establish the existence of light and medium work jobs in the local and national economies. The existence of such jobs, taken together with a finding of residual capacity to do medium work, directs a finding of "not disabled." *See* Part 404, Subpt. P, App. 2, § 200.00, Table 3, Rules 203.18, 203.19.

AFFIRMED.