**Raymond LEWIS**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

**No. 1:90–CV–0622.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 24, 1991.

Cris E. Quinn, Reaud, Morgan & Quinn, for plaintiff.

Steven M. Mason, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Raymond Lewis seeks review of the final decision of the Secretary of Health and Human services denying his claims for a continuing period of disability and for disability insurance benefits. Plaintiff filed his application for disability insurance ben-

efits on June 9, 1987, alleging disability since March 21, 1983, because of back and leg problems (R. 54–57).[1] The ALJ denied plaintiff's claim on June 24, 1989 (R. 14). On July 2, 1990, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Secretary of Health and Human Services (R. 4). Plaintiff appeals that decision. This court denies plaintiff's appeal and affirms the decision of the ALJ.

Plaintiff presents two issues on appeal:

(1) Whether the administrative law judge (ALJ) gave proper weight to the evidence in determining that plaintiff is not disabled; and

(2) Whether the ALJ fully and fairly developed the record.

## I. LEGAL STANDARD

■ Judicial review of the Secretary's decision that a plaintiff is "not disabled" under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence of record supports the decision of the Secretary, and (2) whether the Secretary applied the proper legal standards in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir.1990); *Croutchet v. Sullivan*, 885 F.2d 202, 204 (5th Cir. 1989). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a decision. *Richardson v. Perales*, 402 U.S. 389, 409, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir.1988).

1. Plaintiff filed a previous application and was awarded benefits for a closed period of disability from March 1983 to September 1986, with the termination of benefits on November 30, 1986. Thus, under the doctrine of administrative *res judicata*, the Secretary correctly dismissed plaintiff's claim for benefits as it applied to any period prior to December 1, 1986. (R. 15). See *Califano v. Sanders*, 430 U.S. 99, 107–108, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1977); *see also* 20 C.F.R. § 404.957(c)(1) (1991).

2. A negative answer at any step mandates a finding of "not disabled":

■ For purposes of Title II of the Social Security Act, "disability" means the inability to engage in any substantial gainful activity for twelve (12) consecutive months by reason of a medically determinable impairment. 42 U.S.C. § 423(d)(2)(A). A five-step "sequential evaluation" process for determining disability is set out in the Secretary's regulations. 20 C.F.R. § 404.-1520 (1991); *See Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989).[2] The Secretary found that plaintiff was not disabled at the fifth step; the ALJ found that plaintiff was able to do light work available in the national economy.

## II. WEIGHT OF EVIDENCE

■ First, plaintiff contends that the ALJ should have given more weight to the opinion of Dr. Francis, the plaintiff's treating physician, in deciding whether the plaintiff was able to do light work. However, in the Fifth Circuit, the ALJ has broad discretion to determine the credibility of medical experts and to weigh their opinions accordingly. *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990). Here, the ALJ examined the records of the treating physician and two consulting physicians. Based on substantial evidence from the three physicians and the plaintiff, the ALJ concluded that the plaintiff is able to perform light work (R. 16–18).

Second, plaintiff asserts that the ALJ failed in his burden to establish the existence of alternative work in the economy that plaintiff could perform. *See* 20 C.F.R. § 404.1566 (1991); *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir.1989). In the case at bar, a vocational expert provided

(1) Is the plaintiff currently not working?
(2) Does the plaintiff have a "severe" impairment?
(3) Does the plaintiff meet a listed impairment in Appendix 1 of the Regulations?
(4) Is the plaintiff unable to do work he has done in the past?
(5) Does plaintiff's impairment preclude him from performing other work available in the national economy?
20 C.F.R. § 404.1520 (1988).

substantial evidence of alternative work in the national economy that plaintiff could perform. At the administrative hearing, the vocational expert testified that plaintiff could perform light jobs such as a gate tender, maintenance dispatcher, routing clerk and security guard, which are numerous in the in the national economy (R. 45–46).

 Third, plaintiff contends that the ALJ improperly disregarded plaintiff's complaints of pain and failed to state specific reasons why his assertions of pain were not given more weight. The ALJ found that plaintiff's testimony was generally credible but did not establish such a severe level of pain and discomfort to preclude work activity for twelve months (R. 19). The ALJ's findings stand because as finder of fact, the ALJ may rely on statements by a witness without endorsing all of the witness's conclusions. *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir.1988). Further, there is substantial evidence that plaintiff's pain was not so severe as to prevent light work (R. 145–48) and that the pain was treatable with medication (R. 147–48). An impairment which can be remedied or controlled with therapy or medication is not a ground for disability. *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir.1988). According to plaintiff's own testimony he is able to drive short distances (R. 34), wash dishes (R. 44), and fish (R. 44). Plaintiff also testified at the hearing that he had not used his pain medication for about a week, indicating that the condition is not constant, unremitting, and unresponsive to therapeutic treatment (R. 39–40). This evidence indicates that the impairment was not disabling. *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir.1990).

### III. DEVELOPMENT OF RECORD

 Plaintiff further alleges that the ALJ failed to fully develop the record in light of the fact that plaintiff was unrepresented at the hearing. If the plaintiff's lack of counsel prejudiced him, failure to develop an adequate record is grounds for reversal. *James v. Bowen*, 793 F.2d 702, 704–05 (5th Cir.1986); *Kane v. Heckler,*

731 F.2d 1216, 1220 (5th Cir.1984). Here, the ALJ questioned plaintiff fully about his limitations and pain, adequately developing the record (R. 33–34, 39–40).

### IV. CONCLUSION

The Secretary's decision to deny disability benefits is supported by substantial evidence. The defendant's motion for summary judgment is GRANTED. The plaintiff's motion for summary judgment is DENIED.