F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEROY A. ROMERO,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-2141
(D.C. No. CIV-97-1196-BB/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the decision of an administrative law judge (ALJ) finding him disabled as of March 28, 1994, at step three of the controlling analysis (Listed Impairment 1.05(C) (vertebrogenic disorders), 20 C.F.R. Pt. 404, Subpt. P, App. 1), but not disabled before that date. The Appeals Council denied review, making this the final decision of the Commissioner. In this appeal from the district court judgment affirming the Commissioner, we are concerned only with whether plaintiff was disabled under step five sometime prior to March of 1994. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing sequential evaluation process). For reasons discussed below, we reverse and remand for further administrative proceedings.

**Disability Claim**

Plaintiff claims he has been disabled since November 15, 1990, following back injuries sustained in February of 1989 and March of 1990. He was diagnosed as having two herniated disks, one at L4-5 (moderate left sided disk herniation with left L5 nerve root compression of moderate severity) and one at L5-S1 (small central and anterior herniation with bony osteophytes, minimal thecal sac impingement, indefinite neural compression and no stenosis). He was initially treated with physical therapy and anti-inflammatories. He also tried a TENS unit and chiropractic treatment. In February of 1991, he received an epidural steroid injection, which provided some temporary relief. He was

-2-

prescribed Dolobid for pain in March, and given Clinoril, a nonsteroidal anti-inflammatory, in April. In June of 1991, he had a CT diskography at L4-5 and L5-S1, in an attempt to determine the source of his low back pain and occasional numbness in his left leg. The diskography showed right L4-5 and left L5-S1 disk protrusion with nerve root impingement. However, his doctors did not consider him a good surgical candidate at that time.

Although plaintiff did not return to his initial treating physicians after May of 1992, he was seen frequently at the Truchas Clinic beginning in April of 1993. During this time he complained of back pain (described in the clinic notes as chronic), left leg numbness and pain, dizziness and headaches. He was prescribed Feldene for pain, as well as Elavil and Amitriptyline, both antidepressants. He was referred to Dr. Venkat Narayan for further evaluation on March 28, 1994, and one month later underwent a lamenectomy and L4-5 diskectomy. That surgery, and his status thereafter, led to his being found categorically disabled under the step three listings as of March 28, 1994.

### Administrative Proceedings

This case has been heard three times by two different ALJs. Following the first unfavorable decision by ALJ Connor in February 1993, the Appeals Council vacated and remanded the matter primarily because the ALJ had failed to evaluate both medical and nonmedical evidence in determining the credibility of plaintiff's

pain and other subjective complaints. The Appeals Council also acknowledged the introduction of some new evidence suggesting a possible mental impairment. The Appeals Council accordingly remanded the case, directing the ALJ to obtain additional evidence concerning plaintiff's mental impairment, to evaluate the credibility of plaintiff's subjective complaints within appropriate guidelines, to further consider plaintiff's residual functional capacity, and to obtain vocational evidence to determine the effects of any exertional or nonexertional limitations on plaintiff's occupational base. See generally Appellant's App., Vol. II at 288-89.

After ALJ Connor issued a second unfavorable decision in August of 1994, the Appeals Council vacated and remanded the matter to a different ALJ (Boltz). While holding that the medical evidence of plaintiff's pre-surgical condition did not satisfy Listing 1.05(C), the Appeals Council directed ALJ Boltz to determine whether plaintiff's condition met the listing after the April 1994 surgery–which ALJ Connor's decision had not addressed. More generally, the Appeals Council also directed ALJ Boltz to obtain evidence about plaintiff's back impairment to complete the administrative record, to further consider plaintiff's residual functional capacity and, if needed, to obtain additional vocational evidence. See generally id. at 344-45.

Following a third hearing, ALJ Boltz disagreed with ALJ Connor's prior decision and found plaintiff disabled at step three under Listing 1.05(C) as of

March 28, 1997. However, in determining that plaintiff was not disabled before that date under the more general medical-vocational assessment at step five, ALJ Boltz adopted the pertinent findings of ALJ Connor, which he expressly found "no reason to change." [1] See Appellant's App., Vol. I at 106, 108.

## Review Standards

We review the Commissioner's decision "to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly." Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999). "[A]ll of the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, see Baker v. Bowen, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). Thus, while

---

[1] The Appeals Council's remand for consideration of step three disability after surgery did not constrain ALJ's Boltz's consideration of pre-surgery disability at step five–especially given the new evidence relevant to the issue. See Campbell v. Bowen, 822 F.2d 1518, 1521-22 (10th Cir. 1987) (recognizing ALJ's authority to make any determination not inconsistent with terms of Appeals Council remand); accord Houston v. Sullivan, 895 F.2d 1012, 1015 (5th Cir. 1989) ("Once the case was remanded to the ALJ to gather more information about the extent of [claimant's] disability, the ALJ was free to reevaluate the facts.").

we do not reweigh the evidence or try the issues de novo, see Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993), we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. See Washington v. Shalala, 37 F. 3d 1437, 1439 (10th Cir. 1994).

### Analysis

The issue before us is whether that portion of ALJ Boltz's decision finding plaintiff not disabled at step five prior to March 1994 is based upon substantial evidence correctly assessed under the controlling legal standards. We conclude it is not. ALJ Boltz improperly adopted critical credibility findings made by ALJ Connor which were in fact refuted by the developed record then available to ALJ Boltz, and ALJ Boltz's own conclusory credibility pronouncement, itself clearly inadequate under our case law, did not cure the error. We must therefore reverse the denial of benefits and remand the case for further proceedings consistent with the principles discussed below.

ALJ Boltz's decision stands as the final determination of the Commissioner in this proceeding, see Campbell, 822 F.2d at 1520, and, thus, "it is [ALJ Boltz's] decision and the evidence which was before [him] which is before us on review," Wolfe v. Shalala, 997 F.2d 321, 322 & n.3 (7th Cir. 1993). Consequently, while the incompleteness of the evidentiary record available to ALJ Connor may explain

some of her factual misstatements, the decision under review must be assessed in light of the evidence available to ALJ Boltz when he adopted such inaccuracies as his own findings.

ALJ Connor found plaintiff's pain complaints not credible because, *inter alia*, (1) plaintiff had not sought medical treatment for nearly two years after May 1992; (2) the medical record belied his claim that certain medications had been prescribed for him; (3) he had not followed through with a referral for further evaluation in March 1994; and (4) his testimony at the first hearing contradicted his later assertion by affidavit that he needed to lie down several times a day to relieve his back pain. The first three grounds are flatly contradicted by evidence subsequently provided to ALJ Boltz, and the fourth is simply a misreading of the pertinent testimony by ALJ Connor. Subsequently located notes from the Truchas Clinic, see Appellant's App., Vol II at 400-06, showed (1) frequent visits by plaintiff throughout 1993 for complaints of chronic back pain, headaches, left leg pain and numbness, and dizziness; (2) a number of medications, including anti-inflammatories and antidepressants, were prescribed for plaintiff; (3) he did indeed follow through with the March 1994 referral, which led directly to the surgery he underwent the next month. Finally, the transcript of the first hearing reflects that when asked what he did all day, plaintiff testified that "sometimes, I, I just go to bed. I just lie down or walk around the house . . . ." See id. at 424.

He specifically affirmed he had "to lay down during the daytime," and said he sometimes had to stay in bed all evening. Id. at 430. This testimony is not contradicted by his later averments by affidavit, see id. at 312, which merely provided more detail regarding the frequency of his stated need to lie down during the day to relieve pain. [2]

The impact of these errors on the assessment of plaintiff's credibility was substantial. By adopting ALJ Connor's findings, ALJ Boltz effectively ignored plaintiff's consistent long-term efforts to seek medical treatment for his back pain (culminating in surgery and resultant disability under the step three listings), and discounted pertinent medications prescribed by plaintiff's treating physicians. These are two of the primary factors to be considered whenever the credibility of pain allegations is in issue. See Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993); see also Qualls v. Apfel, 206 F.3d 1368, 1372-73 (10th Cir. 2000). Further, we are not concerned here with the mere oversight of some marginal or cumulative evidence. ALJ Connor *affirmatively discounted* plaintiff's credibility *because* she mistakenly thought he had made no effort to seek medical

_____

[2]     We note the Appeals Council's first remand specifically contemplated further assessment of plaintiff's need to lie down because of back pain, but ALJ Connor did not allow him to testify at the second hearing (except briefly to explain his duties as a firefighter). This necessitated plaintiff's use of affidavits to provide the added detail which, based on the ALJ's mistaken recollection of his testimony many months earlier, she incorrectly rejected on grounds of inconsistency.

-8-

attention for a lengthy period of time, had misrepresented his prescribed medications, and had given inconsistent testimony about the daily effects of his condition. In light of the evidence refuting these crucial factual presuppositions, ALJ Boltz could not properly dispose of plaintiff's disability claim by summarily adopting ALJ Connor's credibility findings.

Nor can ALJ Boltz's disposition properly rest on his own finding that plaintiff's "testimony of subjective complaints and functional limitations, including pain, was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility." Appellant's App., Vol. I at 111. This generic recitation is precisely the type of "conclusion in the guise of findings" rejected in Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995), and many cases since. Such boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that plaintiff's complaints were not credible. See id.

**Conclusion**

The inconsistencies between the record evidence and the credibility findings discussed above are fatal to the decision under review. "Because a credibility assessment requires consideration of all the [pertinent] factors 'in combination,' . . . when several of the factors relied upon by the ALJ are found to be unsupported or contradicted by the record, this court is precluded from

-9-

weighing the remaining factors to determine whether they, by themselves, are sufficient to support the ALJ's credibility determination." Robinson v. Apfel, No. 98-5073, 1999 WL 74025, at **3 (10th Cir. Feb. 17, 1999) (citing Huston v. Bowen, 838 F.2d 1125, 1132 n.7 (10th Cir. 1988)). We must therefore remand the case for reconsideration of plaintiff's disability due to pain prior to March 28, 1994, when his condition became severe enough to render him disabled under the listings at step three.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and the matter is REMANDED to the district court with directions to remand, in turn, to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Wade Brorby
Circuit Judge