IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-50567
Summary Calendar

THOMAS BOWIE

Plaintiff-Appellant

v.

MICHAEL J ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-00652-AWA

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

In this appeal, Plaintiff-Appellant Thomas Bowie seeks review of the denial of his application for disability benefits. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL BACKGROUND

On March 11, 2004, after he was laid off from his job as a door-to-door salesman for a construction company, Bowie filed Disability Insurance Benefits

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("DIB") and Supplemental Security Income ("SSI") applications with the Social Security Administration ("SSA"), alleging a disability due to hypertension, blurred vision, Bell's palsy, stomach problems, and anxiety. He was fifty-seven years old at the time. The Commissioner of Social Security ("the Commissioner") rejected Bowie's application. Bowie sought a hearing, and on August 9, 2005, an administrative law judge ("ALJ") heard testimony from Bowie and a vocational expert. The ALJ ruled that Bowie was not disabled and not entitled to any disability payments. The ALJ found that Bowie retained the following residual functional capacity:

> The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk about six hours in an eight hour workday, and sit about six hours in an eight hour workday. The claimant can occasionally climb ladders, ropes, and scaffolds, balance, crouch, crawl, and bend. The claimant is limited to unskilled work in a low stress environment.

The ALJ concluded that Bowie's past work as a door-to-door salesman did not require him to perform any activities precluded by his residual functional capacity. The Appeals Council denied Bowie's request for administrative review, and the ALJ's decision became the final decision of the Commissioner.

On August 22, 2006, Bowie filed this suit in federal district court, seeking judicial review of the Commissioner's decision. The magistrate judge[1] affirmed the Commissioner's decision, rejecting Bowie's application for disability benefits. This timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the Commissioner's final decision only to determine "(1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence."

---

[1] The parties consented to a hearing and final judgment by the magistrate.

Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002) (citing Estate of Morris v. Shalala, 207 F.3d 744, 745 (5th Cir. 2000)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). It is more than a scintilla and less than a preponderance. Id. The appeals court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

## III. DISCUSSION

For purposes of DIB and SSI eligibility, a person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(1)(A). In evaluating a claim of disability, the Commissioner follows a five-step sequential analysis: (1) The claimant must not currently be working in any "substantial gainful activity." 20 C.F.R. § 404.1520(b). (2) The claimant must establish that he has a "severe" impairment—"any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities . . . ." Id. § 404.1520(c). (3) To secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment "meets or equals" an impairment enumerated in the listing of impairments in the appendix to the regulations.[2] Id. § 404.1520(d). (4) If the impairment does not meet or equal a listed impairment, the claimant must establish that his "residual functional capacity"[3] prevents him from doing "past

---

[2] This listing appears at 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] The regulations define "residual functional capacity" as the most the claimant can do despite an impairment and "related symptoms, such as pain, [which] may cause physical and

relevant work." Id. § 404.1520(e), (f). (5) If the Commissioner makes a threshold showing that the claimant can perform some other relevant work, the claimant must then prove that he cannot in fact perform that work. Id. § 404.1520(g); see also Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam) (applying the five-step process). The claimant has the burden to show the first four factors; if the analysis continues to the fifth step, the Commissioner must carry the burden. Muse, 925 F.2d at 789. In this case, the ALJ determined under step four that Bowie's residual functional capacity did not prevent him from doing his past relevant work.

In the instant appeal, Bowie argues that (1) the ALJ's conclusions regarding Bowie's ability to perform his past relevant work are not supported by substantial evidence, and (2) the ALJ's findings regarding Bowie's credibility were not based on the proper legal standard.[4]

First, Bowie argues that the ALJ did not properly consider Bowie's impairments in determining his ability to do past relevant work. In particular, Bowie claims the ALJ failed to take into account his claim that fatigue and the need to take frequent breaks prevent him from doing his previous work. We find that Bowie's vague assertions of fatigue are insufficient to show a lack of sufficient evidence underlying the ALJ's decision.

As an initial matter, the ALJ did consider Bowie's fatigue and need to take frequent breaks. In the ALJ's hypothetical question to the vocational expert, and in his findings, the ALJ took into account that Bowie only could work six hours in an eight-hour work day. In addition, the medical evidence in the record

---

mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4] Bowie also claims that the Commissioner did not carry the burden of showing that Bowie could perform some work other than his previous work. However, the Commissioner need not prove step five, because Bowie fails to carry his burden on step four.

and Bowie's own testimony support the ALJ's finding of residual functional capacity. The ALJ considered Bowie's medical symptoms and determined that his anxiety, stomach problems, Bell's palsy, blurred vision, dizziness, and headaches were not "severe." Bowie testified before the ALJ that he wears glasses for his blurred vision, he no longer has problems with anxiety, he could not remember which side of his face was affected by Bell's palsy, and he claimed no stomach pain since December 2000. The ALJ found Bowie's claims of dizziness and headaches inconsistent with his medical record. Although Bowie's hypertension was a potentially severe condition, the ALJ found that it was controlled adequately by medication and therefore not "severe" under the regulations. See Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988) (holding that a condition controlled by medication was not a basis for a finding of disability). Moreover, the record shows that Bowie performed his previous work despite his hypertension. See Fraga v. Bowen, 810 F.2d 1296, 1305 & n.11 (5th Cir. 1987) (reasoning that a claimant's previous ability to work despite hypertension supported the ALJ's finding of no disability). Therefore, we conclude that the ALJ's finding of residual functional capacity was supported by substantial evidence.[5]

Regarding the ALJ's determination of the credibility of Bowie's testimony, Bowie argues that the ALJ failed to consider the "location, duration, frequency, and intensity" of his medical symptoms and therefore failed to apply the proper legal standard. Specifically, Bowie claims that the ALJ failed to take proper account of the side effects from his medication. However, the only evidence of

---

[5] Bowie also claims that "door-to-door salesman" is not the proper description of his prior work, arguing that the job description cited by the vocational expert "exceeds the tasks Mr. Bowie described performing." However, the ALJ properly relied on the vocational expert's unchallenged testimony that this was the appropriate job description. Furthermore, Bowie's own counsel referred to his past work as a "door-to-door salesperson." In addition, Bowie's description of his job as "walk[ing] around try[ing] to get lead[s] for remodeling" is consistent with the job description of door-to-door salesman.

side effects appears in vague statements on forms Bowie submitted to the SSA. Bowie did not mention side effects during his hearing, nor is there a record that he complained of side effects to his doctors. We find that Bowie's claim of side effects does not undermine the ALJ's finding of no disability.

More broadly, the ALJ found Bowie's claims of disability inconsistent with the evidence as a whole. In evaluating the credibility of Bowie's subjective claims of disability, the ALJ cited the proper legal standard and recognized his duty to consider all medical symptoms, including medical records and the plaintiff's testimony. See 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929. In this case, the ALJ concluded that Bowie's claims of pain were not supported by the record: "The claimant presents himself as being much worse than that which is contained in the record." In drawing this conclusion, the ALJ properly took into account Bowie's testimony about his ability to engage in normal daily activities. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing "daily activities" as a factor the Commissioner may consider in evaluating a claimant's symptoms). For example, the ALJ considered that Bowie lived alone, walked one to one-and-a-half miles daily for exercise, did yard work, washed dishes, did laundry, cooked his own meals, drove, shopped, and visited with his family. See Kraemer v. Sullivan, 885 F.2d 206, 208-09 (5th Cir. 1989) (finding that a claimant's ability to do daily tasks undermined his claim that his hypertension was disabling). The ALJ also observed that Bowie previously performed his work with the same medical conditions he currently has and that he lost his job due to a layoff unrelated to his medical condition. Therefore, we conclude that by fully considering Bowie's testimony and medical history, the ALJ applied the proper legal standard in evaluating the credibility of Bowie's disability claim.

## IV. CONCLUSION

We conclude that the Commissioner's final decision denying Bowie's request for disability benefits was supported by substantial evidence and was based on the proper legal standard.  Therefore, we affirm the district court's judgment in favor of the Commissioner.

AFFIRMED.