IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2009

No. 08-31150
Summary Calendar

Charles R. Fulbruge III
Clerk

KENNY W. MCKNIGHT

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-01654

Before KING , DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This appeal requires us to consider whether substantial evidence supports the denial of disability benefits under the Social Security Act. The district court concluded that substantial evidence existed and entered judgment in favor of the Commissioner of Social Security. Having reviewed the record, we agree and affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On November 5, 2004, Kenny McKnight ("Appellant") applied for disability benefits. He alleged that he has been disabled since May 1, 2003, due to limitations caused by back injuries, resulting side effects of medication to treat the pain, and a depressive medical condition. At the time of his disability hearings, he was 43 years old. He has a 12th grade education. His past relevant work includes experience as a plastic-spreading machine operator.

After a hearing, the Administrative Law Judge ("ALJ") concluded that Appellant had a Residual Functional Capacity ("RFC") as follows:

> The claimant can lift and/or carry less than ten pounds frequently and 10 pounds occasionally, stand, and/or walk at least two hours in an eight hour workday, and sit about six hours in an eight hour workday. The claimant's exertional capacity is reduced by moderate limitations in the ability to understand, remember, and carry out detailed instructions, to maintain attention and concentration for extended periods, to work in coordination with or proximity to others without being distracted by them, to interact appropriately to changes in the work setting, to travel in unfamiliar places, and to set realistic goals or make plans independently of others.

Relying on a vocational expert's interrogatories, the ALJ also concluded that McKnight's RFC did not permit him to return to his previous occupation, but that the "claimant retains the capacity for work that exists in significant numbers in the national economy" and thus he is not "disabled" as defined by the Social Security Act. The Appeals Council, however, vacated that determination and remanded the case to the ALJ for further administrative proceedings. Specifically, the Appeals Council remanded the case for resolution of the following issue:

> The hearing decision indicates . . . that the claimant's allegations are not supported by the record, but does not consider the following factors in evaluating the intensity, persistence and limiting effects of the alleged symptoms: prior work record; daily activities; the location, duration, frequency and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medication; treatment other than

medication; and other measures used to relieve symptoms. A discussion that addresses these factors is needed to properly evaluate the credibility of the claimant's statements.

In addition, the Appeals Council said that "[u]pon remand the [ALJ] will":

Further evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529) and pertinent circuit case law and Social Security Ruling 96-7p.

The Appeals Council stated that:

In compliance with the above, the [ALJ] will offer the claimant an opportunity for a hearing, address the evidence from [the treating physicians] and the claimant's pharmacies which was submitted with the request for review, take any further action needed to complete the administrative record and issue a new decision.

On remand, after another hearing, the ALJ considered the claimant's subjective complaints of side-effects from his medication, but, ultimately, the ALJ found the claimant's RFC to be the same RFC as had been determined after the prior hearing. In short, the new evidence presented on remand did not alter the ALJ's RFC determination. Because the RFC remained unchanged, the ALJ did not call upon a new vocational expert to testify. Relying on the same vocational expert's interrogatories, which discussed the number of jobs available to persons with said RFC, the ALJ again concluded that claimant could engage in work that exists in significant numbers in the national economy and is therefore not disabled as defined by the Social Security Act. McKnight again appealed the decision to the Appeals Council, which denied review thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). McKnight then appealed the final decision to the federal district court, where a magistrate judge recommended affirming the denial of

benefits and the district court adopted that recommendation. Appellant filed a timely notice of appeal to this court.

We review a district court's summary judgment ruling *de novo*, applying the same standard as the district court. *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002). In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports its decision. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. *Id*. at 448 (citing *Lovelace*, 813 F.2d at 58). The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id*.

Here, with respect to the first step, the ALJ found that Appellant had not engaged in substantial gainful activity since the onset of his alleged disability.

With respect to the second step, the ALJ found that claimant suffers from impairments, included a generalized anxiety disorder, depressive disorder, and degenerative disc disease of the lumbar spine. With respect to the third step, the ALJ found that Appellant's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1 and therefore did not qualify for presumptive disability. Because he did not qualify for presumptive disability, the ALJ proceeded to "assess and make a finding about [his] residual functional capacity based on all the relevant medical and other evidence in [his] case record" and "use [the] residual functional capacity [("RFC")] assessment at the fourth step of the sequential evaluation process to determine if [he could] do [his] past relevant work . . . and at the fifth step of the sequential evaluation process (if the evaluation proceeds to this step) to determine if you can adjust to other work." 20 C.F.R. § 416.920(e). The ALJ determined that Appellant's impairments resulted in functional limitations and restricted Appellant to sedentary work. As quoted above, the ALJ determined the claimant's RFC did not permit the Appellant to return to his previous occupation but permitted him to engage in work that exists in significant numbers in the national economy. After reviewing the record, we agree that the ALJ's decision was supported by substantial evidence.

McKnight argues that the ALJ did not properly weigh his subjective complaints of being tired, depressed and reclusive as a result of his pain medication in determining his alleged disability and his RFC allowed him to perform other substantial gainful activity.[1] The only other evidence presented,

---

[1] The claimant also refers to the ALJ's alleged errors in characterizing his treatment history as inconsistent. We agree with the Government that even assuming *arguendo* that the ALJ's description of the claimant's treatment history is erroneous, this error does not prejudice the claimant. *See Carey v. Apfel*, 230 F.3d 131, 143 (5th Cir. 2000). The ALJ's recitation of the claimant's treatment history did not ultimately affect the ALJ's disability determination

apart from McKnight's (and his wife's) testimony, was general information regarding his medications' potential side-effects. Sources used to establish whether a claimant has a medical impairment should include evidence from acceptable medical sources. *See* 20 C.F.R. § 404.1513; *Houston v. Sullivan,* 895 F.2d 1012, 1016 (5th Cir. 1989). The medical evidence provided does not show that McKnight is suffering from any of the side-effects or how serious the effects are. The only testimony to that effect is McKnight's (and his wife's) testimony. However, this testimony is undermined by his medical doctors' reports of what the claimant stated regarding his medication and what the doctors observed. In these reports, there is substantial evidence to support the ALJ's determination that any impairments caused by the medication were at the most moderate and properly accounted for in the RFC. Credibility determinations are generally entitled to great deference, *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000), and in this case, we find that the ALJ's credibility determination is supported by substantial evidence.

Under 20 C.F.R. § 416.920(e), the ALJ first determines the claimant's RFC and then determines under the fourth and fifth steps whether there are jobs in significant numbers available to persons with that RFC. The remand to the ALJ primarily affected the ALJ's analysis of the RFC and not the availability of jobs available to the persons with said RFC. Since the ALJ did not change his RFC assessment after remand, the ALJ's failure to initiate new hearings or submit the vocational expert to renewed cross-examination is not prejudicial because the vocational expert's interrogatories had been entered into the record without

---

because the ALJ had agreed with the claimant that he suffers from impairments, including a generalized anxiety disorder, depressive disorder, and degenerative disc disease of the lumbar spine. The only dispute concerns these impairments' effect on his ability to work. Whether the claimant had a consistent treatment history for these conditions does not affect the ALJ's substantiated conclusion that these conditions only moderately affect his current ability to work.

objection from the claimant. *See, e.g., Wallschlaeger v. Schweiker,* 705 F.2d 191, 194 (7th Cir. 1983); *Pogue v. Sec'y of Health & Human Services,* 836 F.2d 550 (6th Cir. 1987) (unpublished) (affirming ALJ findings relying on record evidence from a previous hearing). The claimant also contends that the testimony regarding the job numbers is no longer valid because it was fourteen months old by the time of the decision after remand. However, the claimant does not provide any substantiated argument as to how the vocational expert's interrogatories are no longer valid after fourteen months, and "there was testimony at the hearing that there are a number of jobs suited to the Appellant's capabilities which were available to him in his geographical locale." *Fortenberry v. Harris,* 612 F.2d 947, 950 (5th Cir. 1980). Having reviewed the record and all of the arguments raised by Appellant, we affirm the judgement of the district court.

AFFIRMED.